**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **EMMALEE E. HOWARD** | § | |
| **Plaintiff** | § | |
| | § | **Civil Action No. 2:26-CV-348** |
| **v.** | § | |
| | § | **Jury Demanded** |
| | § | |
| **UNLOCKING THE SPECTRUM, LLC** | § | |
| **Defendant** | § | |

**DEFENDANT'S ORIGINAL ANSWER**

TO THIS HONORABLE UNITED STATES COURT:

COMES NOW, Defendant, Unlocking the Spectrum, LLC, ("UTS") and in response to the allegations contained within Plaintiff's Original Complaint files this Original Answer, and would respectfully show this honorable Court as follows:

**I.
SPECIFIC DENIALS**

1. UTS denies in part and admits in part the allegations in Paragraph 1 of Plaintiff's Original Complaint. Specifically, UTS denies Plaintiff's allegations that UTS subjected Ms. Howard to adverse employment actions, including a reduction in employment status, disciplinary action, and ultimate termination because of her pregnancy and/or her need for pregnancy-related accommodations.

2. UTS admits the allegations in Paragraph 2 of Plaintiff's Original Complaint.

3. UTS admits the allegations in Paragraph 3 of Plaintiff's Original Complaint.

4. UTS admits the allegations in Paragraph 4 of Plaintiff's Original Complaint.

5. UTS admits the allegations in Paragraph 5 of Plaintiff's Original Complaint.

6. UTS admits the allegations in Paragraph 6 of Plaintiff's Original Complaint.

7.  UTS admits the allegations in Paragraph 7 of Plaintiff's Original Complaint.

8.  UTS denies the allegations in Paragraph 8 of Plaintiff's Original Complaint. Specifically, UTS denies that Plaintiff has exhausted all administrative prerequisites to filing this action.

9.  UTS admits the allegations in Paragraph 9 of Plaintiff's Original Complaint.

10. UTS admits in part and denies in part the allegations in Paragraph 10 of Plaintiff's Original Complaint. Specifically, UTS denies that the frequency of floor assignments escalated over time to multiple times per week.

11. UTS denies the allegations in Paragraph 11 of Plaintiff's Original Complaint. Specifically, UTS denies that Ms. Howard was regularly required to work one-on-one with clients for the full 8-hour workday and was still expected to complete all of her Office Manager responsibilities and duties by their respective deadlines. Furthermore, UTS denies the allegation that Ms. Howard was subjected to disciplinary action as a result of her being unable to complete both sets of responsibilities simultaneously.

12. UTS admits in part and denies in part the allegations in Paragraph 12 of Plaintiff's Original Complaint. Specifically, UTS denies that Ms. Howard's pregnancy precluded her from performing one-on-one work with clients.

13. UTS admits the allegations in Paragraph 13 of Plaintiff's Original Complaint.

14. UTS admits in part and denies in part the allegations in Paragraph 14 of Plaintiff's Original Complaint. Specifically, UTS denies that it sought to reduce her employment status from full-time salaried employee to a part-time employee because UTS believed that she did not have sufficient work to perform.

15. UTS admits in part and denies in part the allegations in Paragraph 15 of Plaintiff's Original Complaint. Specifically, UTS denies that it provided no coherent explanation for the reversal.

16. UTS admits the allegations in Paragraph 16 of Plaintiff's Original Complaint.

17. UTS admits the allegations in Paragraph 17 of Plaintiff's Original Complaint.

18. UTS denies the allegations in Paragraph 18 of Plaintiff's Original Complaint. Specifically, UTS denies that the adverse employment actions taken against Ms. Howard were causally connected to and motivated by her pregnancy and her need for pregnancy-related accommodations.

19. UTS denies the allegations in Paragraph 19 of Plaintiff's Original Complaint. Specifically, UTS denies that similarly situated non\-pregnant employees were not subjected to the same adverse employment actions.

20. Paragraph 20 of Plaintiffs Original Complaint does not require a specific admission or denial.

21. UTS admits the allegations in Paragraph 21 of Plaintiff's Original Complaint.

22. UTS admits the allegations in Paragraph 22 of Plaintiff's Original Complaint.

23. UTS denies the allegations in Paragraph 23 of Plaintiff's Original Complaint. Specifically, UTS denies that it discriminated against Ms. Howard on the basis of her pregnancy, childbirth, or related medical condition by (a) demoting her from full time salaried status to part-time status upon learning of her pregnancy-related work restrictions, (b) issuing her an unwarranted written disciplinary action,  (c) placing her on probation,  and (d) terminating her employment.

24. UTS denies the allegations in Paragraph 24 of Plaintiff's Original Complaint. Specifically, UTS denies that its actions were taken with intentional, willful, and reckless disregard for Ms. Howard's federally protected rights.

25. UTS denies the allegations in Paragraph 25 of Plaintiff's Original Complaint. Specifically, UTS denies that as a direct and proximate result of Defendants discriminatory conduct,  Miss Howard has suffered and continues to suffer damages including lost wages and benefits, loss of

future earning capacity, emotional distress. mental anguish, humiliation, and other compensatory damages.

26. Paragraph 26 of Plaintiffs Original Complaint does not require a specific admission or denial.

27. Paragraph 27 of Plaintiffs Original Complaint does not require a specific admission or denial.

28. UTS admits in part and denies in part the allegations in Paragraph 28 of Plaintiff's Original Complaint. Specifically, UTS admits that Ms. Howard requested accommodation, but UTS denies that such accommodation would have allowed her to continue performing the essential functions of her position as Office Manager.

29. UTS denies the allegations in Paragraph 29 of Plaintiff's Original Complaint. Specifically, UTS denies that it failed to engage in the interactive process in good faith and failed to provide Miss Howard with reasonable accommodation. UTS further denies that it used her accommodation request as a basis to demote her, discipline her, place her on probation, and ultimately terminate her employment.

30. UTS denies the allegations in Paragraph 30 of Plaintiff's Original Complaint. Specifically, UTS denies that Defendant's actions constitute violations of 42 U.S.C. § 2000gg-1.

31. UTS denies the allegations in Paragraph 31 of Plaintiff's Original Complaint. Specifically, UTS denies that Ms. Howard has suffered damages as a direct and proximate result of Defendant's violation of the PWFA.

32. Paragraph 32 of Plaintiffs Original Complaint does not require a specific admission or denial.

33. UTS denies the allegations in Paragraph 33 of Plaintiff's Original Complaint. Specifically, UTS denies that Defendant's adverse employment actions against Ms. Howard including her demotion, discipline, and termination, were based on her sex, including her pregnancy, and violation of 42 U. S. C. § 2000e-2.

34. UTS denies the allegations in Paragraph 34 of Plaintiff's Original Complaint. Specifically, UTS denies that Ms. Howard has suffered and continues to suffer damages as a direct and proximate result of Defendant's conduct.

35. Paragraph 35 of Plaintiffs Original Complaint does not require a specific admission or denial.

36. UTS admits the allegations in Paragraph 36 of Plaintiff's Original Complaint.

37. UTS denies the allegations in Paragraph 37 of Plaintiff's Original Complaint. Specifically, UTS denies that Defendant's adverse employment actions against Ms. Howard constitute unlawful discrimination of the basis of sex and pregnancy under Chapter 21 of the Texas Labor Code.

38. UTS denies the allegations in Paragraph 38 of Plaintiff's Original Complaint. Specifically, UTS denies that Ms. Howard has suffered and continues to suffer damages as a direct and proximate result of Defendant's conduct.

39. UTS denies the allegations in Paragraph 39 of Plaintiff's Original Complaint. Specifically, UTS denies that, as a direct and proximate result of Defendants unlawful conduct,  Plaintiff has suffered damages in the form of lost wages, including back pay from the date of termination to the date of judgment, lost employee benefits, including health insurance and other fringe benefits, loss of future earning capacity and front pay, compensatory damages for emotional distress, mental anguish, humiliation, loss of enjoyment of life, and inconvenience, punitive damages for

Defendant's willful, wanton, and malicious conduct, attorney's fees and costs of court pursuant to 42 USC § 2000e-5(k) and Texas Labor Code 21.259, and pre and post judgment interest.

40. Paragraph 40 of Plaintiffs Original Complaint does not require a specific admission or denial.

## II.
## DEFENSES

41. Plaintiff's claims are barred, in whole or in part, because Defendant's actions were based on legitimate, nondiscriminatory, and non-retaliatory business reasons unrelated to Plaintiff's pregnancy, childbirth, or related medical condition.

42. Defendant would show that any employment decisions concerning Plaintiff were made in good faith and for lawful reasons, including but not limited to performance deficiencies, misconduct, violation of company policy, attendance issues, business necessity, reduction in force, restructuring, or other legitimate operational considerations.

43. Defendant pleads that Plaintiff cannot establish the required elements of her claims, including that she was qualified for the position at issue, suffered an actionable adverse employment action, or was treated less favorably than similarly situated employees outside the protected class.

44. Defendant pleads the statutory caps and limitations on damages available under applicable federal and state law, including but not limited to 42 U.S.C. § 1981a.

45. Defendant pleads that any alleged acts or omissions were not intentional, malicious, reckless, or committed with conscious indifference to Plaintiff's federally protected rights, thereby barring any recovery of punitive or exemplary damages.

46. Defendant reserves the right to assert additional defenses revealed through ongoing investigation and discovery.

## III.
## DEMAND FOR JURY TRIAL

47. Defendant hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed

## IV.
## PRAYER

48. For these reasons, Defendant asks the Court to do the following:

    a. Render judgment that Plaintiff take nothing;

    b. Dismiss Plaintiff's suit with prejudice;

    c. Assess costs against Plaintiff;

    d. Award Defendant attorneys' fees; and

    e. Award Defendant all other relief the Court deems appropriate.

Respectfully submitted,

**TRIBBLE | ROSS**

By: */s/ Monica C. Vaughan*
Wesson H. Tribble
Texas State Bar No. 20213960
Federal Bar No. 9201
Monica C. Vaughan
Texas State Bar No. 00794784
Federal Bar No. 19540
TRIBBLE ROSS
6371 Richmond Ave
Houston, Texas 77057
Tel: (713) 622-0444
Fax: (713) 622-0555
Email: wtribble@tribblelawfirm.com
Email: mvaughan@tribblelawfirm.com

**ATTORNEYS FOR UNLOCKING THE SPECTRUM, LLC**